**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4658

HOWARD FRANK WINTER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-95-1012)

Submitted: May 1, 1997

Decided: May 13, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
E. Jean Howard, Assistant United States Attorney, Greenville, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After his conviction and forty-six month sentence imposed following his conditional guilty plea to a charge of unlawful possession of a firearm by a person who has previously been convicted of a crime punishable by a term of imprisonment exceeding one year, 18 U.S.C. § 922(g)(1) (1994), Howard Frank Winter appeals from the district court's order denying his motion to suppress evidence. We affirm.

Three Aiken County Sheriff's Department officers accompanied a child protective services investigator to Winter's home to investigate a complaint made to the Aiken County Department of Social Services. At the conclusion of the investigation, the officers questioned Winter about a firearm they had reason to believe was in the residence. They asked for his consent to a search of the residence.

At the hearing on the motion to suppress, the police testified that Winter consented to the search without hesitation and, after reviewing the consent form with the officer, signed the form. Winter then led the officers to a wall safe in the bedroom and produced the guns.

Winter contends that he first refused to consent to the search, asked the officers if they had a warrant, and asked the officers to leave. He signed the consent form only after the officer promised that if no drugs were found, the officers would only take the gun and Winter would not be arrested. Winter testified that because of this promise, he signed the form and turned over four firearms to the officers. The officers proceeded to search for drugs and found none. Winters was then arrested.

After hearing the conflicting evidence, the district court determined that Winter's version was not credible. The court based this conclusion on the fact that the Child Protective Services investigator testi-

2

fied that Winter did not hesitate in giving his consent; rather he stated: "I have nothing to hide." Further, the court noted that this statement was corroborated by the officers' testimony. Additionally, Winter has experience with the criminal justice system and was familiar with his rights; yet he made no notation of the alleged promise on the consent form. The district court also noted that Winter incorrectly testified that his sister was present during the questioning.

The voluntariness of consent to a search is an issue of fact to be determined based on the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). Here, after considering the totality of the circumstances, the district court credited the testimony of the officers and the investigator, and discredited Winter's version of the events. Factual findings based on credibility determinations are to be given great deference. Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). We find that the evidence presented at the suppression hearing supports the district court's determinations that no promises induced Winter's consent and that Winter voluntarily consented to the search.

Finding no clear error, see United States v. Wilson, 895 F.2d 168, 172 (4th Cir. 1990), we affirm the district court's order denying Winter's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3